IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CV-27-FL

| | | |
|---|---|---|
| DOCTOR M. AAL-ANUBIAIMHOTEPOKOROHAMZ, SR, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| THE HONORABLE DAVID M. WARREN, United States Bankruptcy Judge, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion to proceed in forma pauperis, (DE 2), and for review pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's case be dismissed without prejudice for failure to prosecute and to comply with the court's order. (DE 30). Plaintiff filed objections to the M&R within the time allowed, and in this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d

1

198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, the magistrate judge recommends dismissal of plaintiff's claims for failure to prosecute and to comply with the court's order. Specifically, in order entered January 22, 2026, the court directed plaintiff to correct within 14 days six specified deficiencies in his original filings, and the court warned that "[f]ailure to do so may result in the dismissal of this action without prejudice for failure to prosecute." (January 22, 2026 Order (DE 5) at 2). Plaintiff's January 27, 2026, filing styled as "Omnibus Filing to Cure Procedural Deficiencies" (DE 7) and February 4, 2026 filing titled "Omnibus Evidence Binder & Notice of Spoliation" (DE 8) do not include the documents necessary to cure the deficiencies earlier identified by the court. Nor do any of the numerous documents subsequently filed by plaintiff. (See DE 9 through 29). Thus, where the deficiencies identified by the court on January 22, 2026, remain uncured, the magistrate judge recommends this action be dismissed without prejudice.

In objection to the M&R, plaintiff argues the magistrate judge "fails to conduct the mandatory four-factor analysis require by the Fourth Circuit before imposing the 'harsh sanction' of dismissal." (Obj. (DE 33) at 1 (citing Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989)). Although the court in Ballard identifies "four criteria for the propriety of dismissal under Fed. R. Civ. P. 41(b)," it also holds that such criteria "are not a rigid four-prong test." 882 F.2d at 95. The court therefore affirmed dismissal where the district court earlier gave an "explicit warning that a recommendation of dismissal would result from failure to obey [the magistrate judge's] order." Id. Accordingly, and where he received a similar warning in this court's January 22, 2026, order,

plaintiff's argument that the magistrate judge's recommendation is legally deficient is unavailing. (See January 22, 2026, Order (DE 5) at 2).

The remainder of plaintiff's objections do not address the M&R or the court's order identifying deficiencies in plaintiff's original filings. Furthermore, none of plaintiff's additional filings correct the deficiencies or offer valid argument against dismissal. (See DE 31, 32, 34 through 40).

Based on the foregoing and after careful review of the record, the court hereby ADOPTS the recommendation of the magistrate judge as its own. This matter is DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with the court's order, all pending motions are TERMINATED AS MOOT, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of July, 2026.

_____
LOUISE W. FLANAGAN
United States District Judge